UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

WAL PUOCH DENG,

Petitioner,

v.

BRIAN ENGLISH,

Respondent.

CAUSE NO. 3:26-CV-887-CCB-SJF

## **OPINION AND ORDER**

Immigration detainee Wal Puoch Deng, representing himself, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241, alleging that he is unlawfully confined in violation of the laws or Constitution of the United States. ECF 1. The respondent has answered the petition, and Deng has filed a reply. ECF 9, ECF 11. The petition is ready to be decided.

## BACKGROUND

Deng is a citizen of Sudan who entered the United States in 1999. ECF 9-1 at 13. On January 30, 2014, he was convicted in Iowa for committing the offense of operating while intoxicated for the third time. *Id.* On April 16, 2025, Deng lawfully reentered the United States but was detained by Immigration and Customs Enforcement (ICE) at the airport and initiated removal proceedings based on his criminal history. *Id.* at 3, 13. On June 25, 2025, an immigration judge ordered him removed but withheld removal to Sudan and South Sudan. *Id.* at 6-9. In December 2025, the government unsuccessfully

attempted to obtain travel documents to Ethiopia. ECF 1 at 9. Deng remains in

immigration custody at the Miami Correctional Facility. *Id.* at 1.

SUBJECT MATTER JURISDICTION

The respondent first argue that the court lacks subject matter jurisdiction over

Deng's habeas petition under 8 U.S.C. § 1252(g) and § 1252(b)(9). This court has

thoroughly considered its jurisdiction to review post-removal-order immigration

detention. For the reasons previously stated, jurisdiction is secure. *See Liang, v. English*,

No. 3:25CV1052 DRL-SJF, 2026 WL 835853, at *1 (N.D. Ind. Mar. 26, 2026) (Leichty, J.);

*Pho v. Noem*, No. 3:25-CV-977-CCB-SJF, 2025 WL 3750684, at *1-*4 (N.D. Ind. Dec. 29,

2025) (Brisco, J.) (discussing § 1252(g)).

MERITS

Regarding the merits of the petition, the respondent first argues that Deng's

detention is lawful under 8 U.S.C. § 1231 because the statute authorizes detention

pending execution of a removal order. However, beyond the "removal period,"[1] which

for Deng ended in September 2025, continued detention is authorized only for certain

noncitizens delineated in § 1231(a)(6) and only as long as removal is reasonably

foreseeable. *See Zadvydas v. Davis*, 533 U.S. 678, 699 (2001) ("[O]nce removal is no longer

reasonably foreseeable, continued detention is no longer authorized by statute."). The

Supreme Court has instructed that once removal is not reasonably foreseeable, "the

---

[1] The removal period begins on the latest of three events: (1) the date the removal order becomes administratively final, (2) the date of a reviewing court's final order if the noncitizen seeks judicial review and the court orders a stay of removal, or (3) upon the noncitizen's release from non-immigration detention or confinement. 8 U.S.C. § 1231(a)(1)(B).

2

court should hold continued detention unreasonable and no longer authorized by statute," though any release "may and should be conditioned on any of the various forms of supervised release that are appropriate in the circumstances, and the alien may no doubt be returned to custody upon a violation of those conditions." *Id.* at 699–700.

In *Zadvydas*, the Supreme Court adopted a "presumptively reasonable period of detention" of six months in recognition of the Executive Branch's primary responsibility in foreign policy matters and the sometimes sensitive nature of repatriation negotiations that may call for difficult judgments regarding whether removal is reasonably foreseeable. *Zadvydas*, 533 U.S. at 689. "After this 6–month period, once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* at 701.

Because Deng has now been in detention for longer than six months, the court turns to whether his removal is reasonably foreseeable. To start, the parties do not dispute that Deng cannot be removed to Sudan or South Sudan due to the order withholding removal. Further, Deng's post-removal order detention now spans thirteen months. Within that timeframe, there is no indication that the government has taken any specific measures to effectuate his removal to other countries beyond a single unsuccessful attempt to remove him to Ethiopia seven months ago in December 2025. The court finds that Deng has met his preliminary burden of showing good reason to believe that there is no significant likelihood of his removal in the reasonably foreseeable future.

To rebut this showing, the respondent offers only the representation that the government is pursuing Deng's removal to a third country. This vague unsworn representation does not persuade the court that Deng's removal is likely to occur within the reasonably foreseeable future. It does not explain why no other candidate countries have been identified seven months after the unsuccessful removal attempt to Ethiopia or when such an identification might occur. It does not describe the process for identifying third countries or any specific cause for the lengthy delay. It does not suggest that the government is in the process of preparing a formal request to a third country or any basis for the delay in submitting such a request. It does not provide any insight as to when these countries might reach a decision once a formal request has been submitted or the likelihood that these countries will accept Deng for removal and issue travel documents. Consequently, the court finds that the respondent has not adequately demonstrated that Deng's removal is reasonably foreseeable. Therefore, the respondent must release Deng.

For these reasons, the court:

(1) **GRANTS** the petition for writ of habeas corpus (ECF 2) and **ORDERS** the respondent to release Wal Puoch Deng on appropriate conditions of supervised release and to certify compliance with this order by filing a notice with the court by **July 24, 2026**; and

(2) **DIRECTS** the clerk to email a copy of this order to the Warden of the Miami Correctional Facility at the Indiana Department of Correction to secure his release.

SO ORDERED on July 22, 2026.

/s/ *Cristal C. Brisco*

CRISTAL C. BRISCO, JUDGE
UNITED STATES DISTRICT COURT